**BLANK ROME LLP**
Cheryl S. Chang (SBN 237098)
Cheryl.Chang@BlankRome.com
Jessica A. McElroy (SBN 299919)
Jessica.McElroy@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

*Attorneys for Specially Appearing Defendants,*
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2; PHH MORTGAGE CORPORATION; PHH MORTGAGE SERVICES; AND WESTERN PROGRESSIVE TRUSTEE, LLC D/B/A WESTERN PROGRESSIVE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAMON FUENTES,<br><br>                             Plaintiff,<br><br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDA MORTGAGE LOAN TRUST 2007-AR2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-AR2, PHH MORTGAGE CORPORATION, PHH MORTGAGE SERVICES, WESTERN PROGRESSIVE, LLC, AND WESTERN PROGRESSIVE, LLC AS TRUSTEE FOR BENEFICIARY,<br><br>                             Defendants. | Case No. 5:22-cv-04953-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Case Management Conference:</u><br>Date:      January 5, 2023<br>Time:      11:00 a.m.<br>Place:     Courtroom 1 – 5th Floor<br>              280 South 1st St.<br>              San Jose, CA 95113<br><br>**Complaint Filed:**   August 31, 2022 |

The parties to the above-entitled action, including plaintiff Ramon Fuentes ("Ramon") and specially appearing defendants Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 ("DBNTC"), PHH Mortgage Corporation ("PHH Mortgage"), PHH Mortgage Services ("PHH Mortgage Services"), and Western Progressive Trustee, LLC d/b/a Western Progressive, LLC ("Western Progressive," with DBTNC, PHH Mortgage, and PHH Mortgage Services, collectively, "Defendants"),[1] jointly submit this Joint Case Management Statement pursuant to the Court's Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Court's text-only Order entered on September 6, 2022 (ROA 10), requiring all parties to submit this Joint Case Management Statement by December 29, 2022.

**Jurisdiction & Service**

Defendants do not consent to jurisdiction and have filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(4), (5) to quash the summons and service of the summons ("Motion to Quash") and the Complaint ("Complaint") of Plaintiff on the grounds of insufficient process and insufficient service of process.  *See* ROA 13.  The Motion to Quash is fully briefed as of October 31, 2022.  *See* ROA 17.

**Facts**

Plaintiff: This is being submitted on defendant's format with all rights reserved by the Plaintiff.  The Cause of action at bar is a Complaint for Preliminary Injunction and to Quiet Title via Federal Rule 65(b) et. Seq. against the Defendant(s) related to a then upcoming Notice of Trustee's Sale, scheduled at that time to occur August 30, 2022. The Defendant(s) have committed numerous offenses claiming standing by reason of a false chain of title transfer and/or a false assignment of the Note and/or Deed of Trust from the original Lender on down **This cause of action was brought pursuant to Rule 65(b) and also 42 U.S.C. §**

---

[1] Defendants do not consent to consent to jurisdiction in this matter and reiterate the arguments raised in their pending Motion to Quash, ROA 13.

**1983, based on Defendants' deprivation of the constitutional rights of Plaintiffs under the Fifth and Fourteenth Amendments to the United States Constitution, Etc..This U.S. District Court has equitable jurisdiction over this cause of action by reason of its ability to enforce federal regulation breaches and to penalize Assignment and/or Servicing breaches identified as** *Notice(s) of Error* **against Defendant Banker(s) and/or Servicer(s) under 12 CFR § 1024.35(a) and 12 CFR § 1024.35(b) of the Federal Regulations.**

**The plaintiff has attempted to record his Notice of Intent, Affidavit of Secured Interest within the last (2) weeks into the Registrar's Office and was blocked from doing so. The plaintiff was told he needed a Court Order to record the document. The plaintiff immediately filed a Motion in the Bankrutpcy Adversarial Complaint case for such an Order to record his Notice of Intent, Affidavit of Secured Interest, and it was not ruled on by the presiding Chapter (13) Bankruptcy Judge. Thus no Order issued to permit the plaintiff to record his 'secured' interest for the tens of thousands of dollars he has invested by labor and toil with his wife into the mortgage payments over the many years the plaintiff has had the house at bar. A Trespass upon the Civil Rights Deprivation of NOT ruling to admit or deny, grant or deny, the recordation of the plaintiff's Notice of Intent, Affidavit of Secured Interest is now an Obstruction of Justice claim , as the Notice of Intent, Affidavit of Secured Interest approved in wording by California statue authoirty is a 'claim for which relief can be granted' when registered locally, When not registered locally it would tend to give the opposition a tactical advantage that is not in accordance 'with 'equal protection of the law ' mandates in our justice system. In the State Court the plaintiff was wrongly made a vexatious litigator without the mandated separate cause of action trial being commenced to litigate the vexatious label placement under California law. Defendants:**

Plaintiff has filed numerous lawsuits against Defendants and has been declared a vexatious litigant by the State of California.  Plaintiff filed the Complaint after the

Bankruptcy Court for the Northern District of California dismissed his adversary proceeding against Defendants (Plaintiff has appealed the dismissal and the matter is proceeding before the Bankruptcy Appellate Panel).

On August 30, 2022, Plaintiff initiated the instant action against Defendants by filing his "Complaint for Emergency Temporary Injunction and Quiet Title." *See* Dkt. No. 1. Also on August 30, 2022, the Court issued a Summons, purportedly directed to "Blank Rome/Jessica McElroy, Attorney for" DBNTC. *See* Dkt. No. 2. Additionally, on August 30, 2022, Plaintiff emailed counsel for Defendants a six page "scanned document," which looks to include face pages of various documents filed with the Court, but does not include the entire Complaint. On September 28, 2022, Plaintiff filed a proof of service ("Proof of Service") in this matter, indicating that a server by the name of Susan Gole ("Gole") had served the summons on the "receptionist" of DBNTC.

Defendants maintain that the summons issued to counsel is improper and that they were not properly served in this action. Defendants additionally maintain that Plaintiff is attempting and end-run around his designation as a vexatious litigant in California State Court and deny that Plaintiff is entitled to any relief.

**Legal Issues**

**Plaintiff:**

**a. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.**
**b. Without a certification of the accounting entries of the attorneys cannot verify there was a debt.**

**c. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.**

**d. The foreclosure was filed showing the lender as the plaintiff, however no one from the lender's corporation signed the foreclosure documents.**

**e. There is no witness before the court to give the court jurisdiction.**

**f. There is No Affidavit filed in the case to give the state court jurisdiction.**

**The defendant(s) did not make a special appearance until recently. The defendant(s) were served and have responded to the Complaint at bar. A Show Cause hearing has never been held on the facts in the latest forensic audit as conducted by Detective Bill Paatalo who was hired by the plaintiff to perform the audit, Id.**

**While the Defendant(s) have the indirect benefit of the Plaintiff not getting his Notice of Intent, Affidavit of Secured Interst filed, despite quoting the California law to do so, the Plaintiff has to fight off a Notice of Trustee Sale due to the obstruction of justice, refusal of the local registrar to record plaintiff's 5th amendment claim to just compensation for all he invested in his house and land over the many years there.**

The Notice of Intent, Affidavit of Secured Interest, as submitted for recording shows reference to Senate Document (43) from the year 1933 which shows the government owns the land at bar, and that the plaintiff is merely a user of the property he has to keep in good shape fot the Lender. However, the Defendnat(s) in all their foreclosure related attempts to seize the Plaintiff's hoe and land violated F.R. Civ. Proc 17 in not have the real party in interest, the federal govt., file an appearance into their foreclosure case(s), which means the foreclosure, Notice of Trustee Sale, Etc. Process is voidable and void for want of the appearance of the real party in interest filing its claim and making an appearance. It is of no small importance that in the USDC for Akron, Ohio in Case 5:21-cv-02263, Federal Judge John R. Adams recognized Senate Document 43 as being applicable for that pro se litigators Motion for Extension to get his Notice of Appeal into the Sixth Circuit Court of Appeals in Cincinnati, Ohio. The Motion for extension was granted by Judge Adams.

The Defendant(s) have not filed their own forensic audit. The Defendant(s) have not filed notice to the court(s) that the u.s. Government is the holder of all the land in the (50) states by reason of the Bankruptcy of 1933. A pro se plaintiff is doing a better job defending the u.s. Govt.'s interest in his land, than the attorneys who are officers of the

court. The defense used by the defendant(s) to silence the plaintiff is the vexatious label, and it has been applied maliciously.

**Defendants:**

Defendants maintain that the summons issued to counsel is improper and that they were not properly served in this action. Defendants additionally maintain that Plaintiff is attempting and end-run around his designation as a vexatious litigant in California State Court and deny that Plaintiff is entitled to any relief. Defendants have only specially appeared in this matter for purposes of filing the Motion to Quash, which is currently pending before the Court. Thus, the Court will have to determine (1) whether the summons is proper, and (2) whether Defendants have been properly served.

## Motions

**Plaintiff: Plaintiff filed a Response to the Motion to Quash by the Defendants on October 18, 2022.**

**Defendants:**

Currently pending before the Court is Defendants' Motion to Quash. ROA, 13.

## Amendment of Pleadings

**Plaintiff: Plaintiff has not filed an Amended Complaint as service has occurred upon the Defendant(s) at this time. It is a false statement by the Defendant(s) that only the complaint is a pleading on record. (see) above. Defendant(s) did not file a response to the Plaintiff's Reply to the Defendant(s) Motino to Quash, they merely filed a Memorandum of Points and Authorities as realted to their Motion to Quash on October 31, 2022. Apparently the Defendant(s) have not read the docket of this case and its filings over time.**

**Defendants:**

The Complaint is the only pleading of record as of the time of this statement.

**Evidence Preservation**

**Plaintiff: The plaintiff asserts that the Defendant(s) who filed a Creditor Claim(s) in the Bankruptcy Chapter 13 case, supra., filed False Claim(s).**

As related to Title 11 USC Section 502(b)(1), it says in part and provides that a court "shall allow" a claim, proof of which has been filed, "except to the extent that ... such claim is *unenforceable* against the debtor ... under any ... applicable law...." 11 U.S.C. Sec.502(b)(1) according to the 9th circuit <u>In re Johnson</u>, (1985) case; 756 F.2d 738.

Judge Hammond in the Division (5) Bankruptcy court for this area of Northern California exceeded the 9th Circuit decision she quoted in a session which did not include ruling on a claim that is *unenforceable* as explained within <u>In Re: Johnson,</u> Supra.

Additionally no merit was given to the RESPA violations asserted by the Debtor in session with Judge Hammond. And, the bankruptcy trustee argued prima facie evidence by registering a Claim reigns supreme when it does not take on such a position in light of the forensic audit acquired by the Debtor and offered into evidence under F.R. Evid 102, but blocked by the Bankruptcy, Id., court.

Due process of law in a current Appellate B.A.P,. case has to take effect toward a summary ruling before any Sale can occur on the property at bar. The B.A.P. Case has reigning jurisdiction. Attempts to override the B.,A.P. Court would be contemptuous as by the Defendant(s) in a rush to attempt a Sale of the real property involved herein.

Federal Rules of Evidence 102 is applicable in this case at bar and it should be noted that the Forensic Audit is lengthy and comprehensive proving the chain of title is Fabricated in order to permit The Bank lawyer(s), etc. to obtain a Sale.

**Substandard servicing of the Note and/or Deed of Trust led to a Defacto Notice of Trustee Sale scheduled for August 30, 2022.. Act(s) of Deception by the Defendant(s) have placed an enormous amount of stress on the plaintiff(s). The claims, assertions, and legal arguments of the plaintiff(s) go to show that a Temporary Injunction is a remedy available to them for the Misconduct, Malfeasance of Office, and Negligence, Etc. Defendant(s) have committed Acts of Deception in their indirect or direct claim that a lawful chain of assignment(s) on the note and/or Deed of Trust exists.. Defendant(s) lack standing to have arrived at the position of a Bank or Servicer in possession of the note and/or deed of trust or as a Landlord that can lawfully evict the plaintiff(s).**

**Defendants:**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Because Plaintiff is proceeding in pro per and Defendants have only specially appeared in this matter, the Parties have not met and conferred pursuant to FED. R. CIV. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

<u>Disclosures</u>

**Plaintiff: Defendant(s) are on record in the State Court for not arranging a final meet and confer, which was heavily claimed by the defendant in the State Foreclosure court, this Plaintiff, to have been a tactical strategy by Attorney Jessica McElroy, to gain a tactical advantage toward a rush to judgment against the defendant(s) Fuentes husband and wife illegally.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA

13. Defendants maintain that initial disclosures should not be required unless and until the Court issues a ruling denying the Motion to Quash.

**Discovery**

**Plaintiff: Discovery has persistently been avoided by the Defendant(s) at every level of every case related to this Notice of Trustee Sale issue(s). Plausible denial, Fabrication of Evidence, Obstruction of Evidence, Suppression of Evidence have all been tactics used by the Defendant(s) repeatedly as against this Plaintiff.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13. Defendants maintain that discovery should be stayed unless and until the Court issues a ruling denying the Motion to Quash.

**Class Actions**

This is not a class action.

**Related Cases**

*Fuentes v. Deutsche Bank National Trust Company*, Case No. 22-1158, currently pending before the U.S. Bankruptcy Appellate Panel for the Ninth Circuit.

**Relief**

Plaintiff: **The Plaintiff(s) request the Defendant(s) be Immediately or Temporarily Enjoined from further action(s) which are leading to a prospective sale and Eviction of the Plaintiff(s) from the property at bar at this time. Irreparable harm will come to Plaintiff(s) if this Injunction of some form is not immediately granted.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA

13. Defendants deny that Plaintiff is entitled to any relief whatsoever. As the Court noted in its September 2, 2022 Order Denying Motion for an Emergency Temporary Restraining Order ("TRO Order") (ROA 9), Plaintiff has not shown a likelihood of success on the merits.

**Settlement and ADR**

**Plaintiff: The Defendant(s) defaulted intentionally on comprehensive privately served Arbitration documents obtained by the Plaintiff(s) to prove there was never any standing by the foreclosing party(s) to go after Plaintiff's home. The Plaintiff would approve a mediator is appinted by the court to conduct a comprehensive review of the Plaintiff(s) claims and documents as from Aribtration specialists and from Detective William Paatalo , the forensic auditor, to save this court its precious time.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13. Defendants do not agree to ADR at this time.

**Consent to Magistrate Judge For All Purposes**

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. _____ YES _____X_____NO.

**Plaintiff: Plaintiff gives his consent for a Magistrate.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13. Defendants decline to magistrate judge jurisdiction in this matter.

**Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration or for reference to the Judicial Panel on Multidistrict Litigation.

**Narrowing of Issues**

**Plaintiff: Again Arbitration is favorable to this Plainitff if it is from Court Order and governed by Court process(es).**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13.  The issues in this case will presumably be resolved if the Court grants Defendants' Motion to Quash, ROA 13.

**Expedited Trial Procedure**

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Scheduling**

**Plaintiff: The Plainitff agrees that streamlined procedures would not fit this case.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13.  Thus, Defendants' position is that a scheduling order should not be issued at this time.

**Trial**

**Plaintiff: A trial would be acceptable to this Plaintiff.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13.  Thus, Defendants' position is that a trial date should not be issued at this time.  Defendants would not request a jury trial.

**Disclosure of Non-party Interested Entities or Persons**

**At this time, this area is reserved to be subject to an amendment by Plaintiff.**

**Professional Conduct**

**Plaintiff: Plaintiff wants to call forward Detective Paatalo who in the past has agreed to testify.**

**Defendants:**

Defendants have only specially appeared in this matter as they are challenging the summons and service of the Complaint, as outlined in the Motion to Quash, ROA 13.  Defendants' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Other**

The Parties are not presently aware of any other matters at this time conducive to the just, speedy and inexpensive disposition of this matter.

DATED:  December 29, 2022        BLANK ROME LLP

                                                             BY:_____

                                                             Cheryl S. Chang (SBN 237098)
                                                             Cheryl.Chang@BlankRome.com
                                                             Jessica A. McElroy (SBN 299919)
                                                             Jessica.McElroy@BlankRome.com
                                                             *Attorneys for Defendants,*
                                                             DEUTSCHE BANK NATIONAL TRUST
                                                             COMPANY, AS TRUSTEE OF THE INDYMAC
                                                             INDA MORTGAGE LOAN TRUST 2007-AR2,

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2; PHH MORTGAGE CORPORATION; PHH MORTGAGE SERVICES; AND WESTERN PROGRESSIVE TRUSTEE, LLC D/B/A WESTERN PROGRESSIVE, LLC