United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RAMON FUENTES,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL TRUST COMPANY DEUTSCHE BANK, et al.,<br><br>  Defendants. | Case No. 22-cv-04953-BLF<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>[Re: ECF No. 13] |

Plaintiff Ramon Fuentes brings this suit against Defendants Deutsche Bank National Trust Company, as Trustee of the IndyMac INDA Mortgage Loan Trust 2007-AR2, Mortgage Pass-Through Certificates, Series 2007-AR2 ("DBNTC"); PHH Mortgage Corporation ("PHH Mortgage"); PHH Mortgage Services ("PHH Mortgage Services"); and Western Progressive Trustee, LLC d/b/a Western Progressive, LLC ("Western Progressive") (collectively, "Defendants"), seeking to block the sale of his property.

Defendants, in a special appearance, move to quash service of process for failure to serve in accordance with the Federal Rules of Civil Procedure. ECF No. 13 ("Mot."); *see also* ECF No. 17 ("Reply"). Plaintiff opposes the motion. ECF No. 16 ("Opp."). The Court previously vacated the hearing on the motion. *See* ECF No. 30. For the reasons set forth below, the Court GRANTS Defendants' motion to quash service of process.

**I.    BACKGROUND**

On August 31, 2022, Plaintiff filed a Complaint seeking "emergency temporary injunction and quiet title." ECF No. 1 ("Compl."). The Court issued an Order denying an emergency temporary restraining order on September 2, 2022. ECF No. 9.

On August 31, 2022, the Clerk issued a Summons at Plaintiff's request addressed to:

|     |     |
| --- | --- |
| 1   | BLANK ROME/Jessica McElroy, Attorney for: |
| 2   | Deutsche Bank National Trust Company |
|     | 2029 Century Park East, 6th Floor |
| 3   | Los Angeles, CA 90067 |
|     | Jessica.McElroy@blankrome.com |

ECF No. 2 ("Summons") at 1. The Summons included an "Attachment" that listed the names of other entities, both parties and non-parties. *Id.* at 2. On August 30, 2022, Plaintiff emailed Defendants' counsel a six page document, which included the cover sheets of several documents, including the cover sheet of the complaint, but not the entire complaint itself. Declaration of Jessica McElroy, ECF No. 13-1 ("McElroy Decl.") ¶ 2, Ex. 1.

On September 28, 2022, Plaintiff filed a Proof of Service. ECF No. 11. It indicates that on September 27, 2022, Susan Gole, a process server, served the summons on the receptionist of Deutsche Bank National Trust Company. *Id.* It further states that on September 28, 2022, a process server mailed various documents to DBNTC. *Id.*

## II.  REQUEST FOR JUDICIAL NOTICE

Defendants filed a Request for Judicial Notice in support of their motion. ECF No. 14 ("RJN"). Defendants seek judicial notice of eleven exhibits, all of which are documents from the state court and bankruptcy court proceedings involving these parties. *See id.* Plaintiff does not oppose the request.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). A court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Defendants request judicial notice of documents in proceedings involving the parties in state and bankruptcy court, which are properly subject to judicial notice. *See* RJN. The Court GRANTS Defendants' Request for Judicial Notice. The Court however notes that it did not consider these materials relevant to the matter before it.

## III.  LEGAL STANDARD

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v.*

*Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Accordingly, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a court to dismiss an action for insufficiency of process or service of process. Fed. R. Civ. P. 12(b)(4)-(5). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-03237-LB, 2016 WL 5462499, at *14 (N.D. Cal. Sept. 28, 2016).

## IV. DISCUSSION

Defendants make a special appearance, arguing that the summons and service fail to comply with the Federal Rules of Civil Procedure. *See* Mot.

### A. Summons

Here, Defendants identify two deficiencies with the summons itself. Mot. at 6. First, Rule 4(b) provides that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). Here, the Clerk (at Plaintiff's request) issued only one summons. *See* ECF No. 2. A separate summons should have been issued for each of the four Defendants. And second, Rule 4(a) requires that a summons "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Here, the summons was directed to counsel at Blank Rome, who is not a party to the action. The Court agrees that the process was insufficient. *See Devaney v. Quality Loan Serv. Corp.*, No. 2:19-cv-00972-RFB-EJY, 2019 WL 7597042, at *2 (D. Nev. Oct. 28, 2019) (finding process insufficient where there was a single summons for two Defendants at the address listed for their counsel). The Court will next address the adequacy of service.

### B. Service

Defendants also identify several deficiencies with service. Mot. at 6-8. A corporation must be served in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an

3

1  officer, a managing or general agent, or any other agent authorized by appointment or by law to
2  receive service of process and—if the agent is one authorized by statute and the statute so
3  requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). In turn, Rule
4  4(e)(1) allows service of an individual "pursuant to the law of the state where the district court is
5  located." Fed. R. Civ. P. 4(e)(1). California law authorizes service of process upon a corporation
6  by delivering the summons and complaint "[t]o the president, chief executive officer, or other head
7  of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant
8  treasurer, a controller or chief financial officer, a general manager, or a person authorized by the
9  corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b).

10  First, Plaintiff attempted service on Defendants' counsel via email. *See* McElroy Decl. ¶ 2,
11  Ex. 1. The email included a scanned document, but it did not include the full complaint. *Id.*
12  Defendants' counsel had not agreed to accept service on Defendants' behalf, and it is not the
13  statutory agent for service of process. *Id.* ¶ 3. At least one other court in this circuit has followed
14  "federal courts elsewhere [that] have held that 'the mere attorney-client relationship between a
15  defendant and his attorney does not, in itself, convey the specific authority necessary for the
16  attorney to receive service of process on the defendant's behalf.'" *Devaney*, 2019 WL 7597042, at
17  *2 (quoting *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 930 (E.D. Tenn. 2002))
18  (collecting cases). Further, the email did not include the entire complaint, which is required for
19  proper service. *Cf. W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528-29 (9th Cir.
20  1990) (holding district court did not abuse its discretion in dismissing a complaint for improper
21  service under Rule 4 where plaintiff served an incomplete draft complaint). The email to
22  Defendants' counsel did not constitute adequate service.

23  Other than serving Defendants' counsel, Plaintiff only attempted to serve Defendant
24  DBNTC—none of the other three Defendants. *See* ECF No. 11. And Defendants argue that the
25  attempted service on DBNTC was inadequate because it was made on a receptionist. Mot. at 7-8.
26  As stated above, Rule 4(h) allows service upon "an officer, a managing or general agent, or any
27  other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P.
28  4(h). But in the Ninth Circuit, "service of process is not limited solely to officially designated

4

1  officers, managing agents, or agents appointed by law for the receipt of process," but instead "can
2  be made upon a representative so integrated with the organization that he will know what to do
3  with the papers." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685,
4  688 (9th Cir. 1988) (internal quotation marks and citations omitted). Service is sufficient if made
5  "upon an individual who stands in such a position as to render it fair, reasonable and just to imply
6  the authority on his part to receive service." *Id.* (citation omitted). A court must conduct a
7  "factual analysis of the employee's authority within the company." *Elohim Eph USA, Inc. v.*
8  *Pondanet, Inc.*, No. 8:19-cv-00349-SVW-KES, 2019 WL 6448962, at *4 (C.D. Cal. July 24,
9  2019).

10  The receptionist is not an officially designated officer or managing agent of the
11  corporation. Further, the receptionist is not a president, chief executive officer, or other head of
12  the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant
13  treasurer, a controller or chief financial officer, or a general manager. And Plaintiff has provided
14  no proof that the receptionist was authorized by appointment or law to receive service. Therefore,
15  the service did not meet the requirements of Rule 4(h) or California law. *See* Fed. R. Civ. P. 4(h);
16  Cal. Civ. Proc. Code § 416.10(b).

17  The Court next looks at whether the receptionist was "a representative so integrated with
18  the organization" that service was proper. *See Direct Mail Specialists*, 840 F.2d at 688. Courts
19  have reached differing conclusions on whether a receptionist can accept service, based on the
20  factual circumstances. *Compare Direct Mail Specialists*, 840 F.2d 685, *with Elohim Eph*, 2019
21  WL 6448962. The Court here finds that service on the receptionist was not proper. This case is
22  distinguishable from *Direct Mail Specialists*. In that case, the process server asked the
23  receptionist who was authorized to accept process and to speak with whoever was was in charge of
24  the office; the receptionist indicated she was the only one present in the office; the process server
25  left the complaint and summons with the receptionist and told her to give them to her superiors;
26  and the receptionist informed the president of the organization that she had been served by the
27  next day. *Direct Mail Specialists*, 840 F.2d at 687. Additionally, the company was "rather small"
28  and "the role played by the receptionist was commensurately large in the structure of the

5

company." *Id.* at 688.  Here, there is no indication that the process server asked whether there were any employees in the office who could accept service, whether anyone else was present in the office at all, or whether the receptionist was instructed about how to receive service.  *See Elohim Eph*, 2019 WL 6448962, at *5 (considering these factors in distinguishing from *Direct Mail Specialists* and determining that service upon a receptionist was improper).  Further, there is no evidence that the service upon the receptionist here resulted in actual notice.  *See id.*  Plaintiff has not provided sufficient evidence to determine that the receptionist was "so integrated" with DBNTC such that service upon her was proper.  *See id.*; *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, Nos. C-04-3955 SC (JCS), C-05-1605 SC, 2009 WL 4258550, at *2-3 (N.D. Cal. Nov. 24, 2009) (distinguishing *Direct Mail Specialists* and determining service upon an administrative assistant was improper).  The Court therefore determines that service was insufficient.

### C. Quash versus Dismissal

Having concluded that both process and service were insufficient, the Court must decide whether to dismiss Defendants or quash service and grant Plaintiff an opportunity to serve them.  *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  Defendants request that the Court quash service or, in the alternative, dismiss the case. Mot. at 1.  Given Plaintiff's pro se status, dismissal is too harsh a remedy at this stage. The Court finds it appropriate to quash service and to grant Plaintiffs thirty days to serve the Defendants.  Accordingly, the motion to quash is GRANTED, and Plaintiff is granted thirty days to obtain proper process and complete service of process on Defendants.

//
//
//
//
//
//
//

**V.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to quash is GRANTED.  Plaintiff is granted thirty days to effect service of process on each of the Defendants. Failure to return the summons showing proof of service will result in automatic dismissal pursuant to Rule 4m without further notice.

Dated:  February 27, 2023

_____
BETH LABSON FREEMAN
United States District Judge

7